UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CHRISTOPHER SADOWSKI,

                            Plaintiff,

            - against -

PAKISTAN MUSLIM LEAGUE AMERICA, INC.

                            Defendant.
----------------------------------------------------------X

**DECISION AND ORDER**

17-cv-2202 (BMC)

**COGAN**, District Judge.

      Before me is plaintiff's motion for a default judgment, seeking damages and injunctive relief. The motion is granted.

      Plaintiff is a professional photographer who makes his living, at least in part, in licensing his copyrighted photographs for personal or commercial use. Defendant operates a website that contains content intended to be of interest to the Pakistani and Pakistani-American community. Beginning as early as August 8, 2014, defendant posted two of plaintiff's copyrighted images without his consent. Plaintiff provided multiple notices to defendant informing it that the photographs are subject to copyright and demanding that defendant cease using them. Defendant did not respond. Defendant has been duly served with the summons and complaint in this case but has failed to appear or respond to that either. The Clerk has entered its default pursuant to Federal Rule of Civil Procedure 55(a).

      All of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages

are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F. 3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, if "it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper." The Second Circuit has held that as long as the district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

Here, plaintiff seeks statutory damages under 17 U.S.C. § 504(c), which provides for such damages up to $150,000 per infringement, in the court's discretion, if the infringement is willful. The failure to respond to a summons and complaint is evidence of willfulness, see Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003), as is the failure to respond to cease and desist letters. Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1381-82 (2d Cir.1993) (affirming finding of willful infringement where defendant was threatened with a copyright action but continued to infringe).

I find that statutory damages in the total amount of $50,000 is appropriate here. Plaintiff avers that his license fees range between $1,500-$25,000. I have no detail as to the value of these two particular photographs, nor any information as to defendant's financial wherewithal, but in light of defendant's willful default, I believe that amount will satisfy the need for compensation and deterrence.

Plaintiff has also requested a permanent injunction, prohibiting defendant from continuing to use his photographs. Injunctive relief is available under the Copyright Act if

2

plaintiff demonstrates that (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

These criteria are satisfied here. Plaintiff has been left with a money judgment of uncertain collectability against a defendant that responds neither to cease and desist demands nor court process. There is no way to know if defendant will ever stop violating plaintiff's rights. Moreover, the degree of injury that plaintiff has sustained from defendant's violation of his property rights is difficult or impossible to quantify. Thus, plaintiff has suffered irreparable injury and damages do not suffice to make plaintiff whole.

In addition, there is no hardship in defendant refraining from using property to which it is not entitled, and thus the balance of hardships is in plaintiff's favor. And the public interest is served by preventing defendant from violating the copyright laws, whereas the public interest would be disserved from tolerating those violations. Injunctive relief will therefore issue.

Finally, plaintiff seeks an award of attorneys' fees of $1,288.75 and costs of $557.77 pursuant to 17 U.S.C. § 505. These modest amounts are authorized by statute and reasonable, and thus will be awarded.

Plaintiff's motion for a default judgment is therefore granted. Pursuant to Federal Rule of Civil Procedure 58(a), judgment will enter separately.

**SO ORDERED.**

Dated: Brooklyn, New York
July 28, 2017

Digitally signed by Brian M. Cogan

U.S.D.J.

4